```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    CHARLESTON DIVISION
```

**CHARLES BURKHAMER,**

    **Plaintiff,**

**v.**                                   **Civil Action No. 2:06-00569**

**ROBERT ORE, individually and in his
capacity as Mayor of the TOWN OF CLENDENIN; and
TOWN OF CLENDENIN, an incorporated political
subdivision.**

    **Defendants.**

### MEMORANDUM OPINION AND REMAND ORDER

Pending before this court is Defendants' Motion to Dismiss. (Doc. No. 3). This motion became ripe for adjudication when plaintiff failed to respond within the time period provided by Local Rule of Civil Procedure 7.1(c). However, for reasons stated below, this case is ordered **REMANDED** to the Circuit Court of Kanawha County, West Virginia. The Clerk is **DIRECTED** to remove this matter from the court's active docket and to send the record of this case, along with a certified copy of this Memorandum Opinion and Order, to the Circuit Clerk of Kanawha County.

    **A.  Factual and Procedural Background**

On June 19, 2006, plaintiff sued defendants in the Circuit Court of Kanawha County, West Virginia. (Doc. No. 1 at 6). Plaintiff, a former police officer in Clendenin, West Virginia, alleges that defendant terminated him without just cause. (<u>Id.</u>

at 8). In doing so, plaintiff avers that defendants violated his procedural due process rights to a hearing as set forth in sections 8-14-20 and 8-14A-3 of the West Virginia Code. (<u>Id.</u>). On July 19, 2006, defendants timely filed a Notice of Removal. (Doc. No. 1). Plaintiff never filed a motion to remand. Then on July 24, 2006, defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. (Doc. No. 3). Plaintiff never filed a response to defendants' Motion to Dismiss, and because the time period in which to file a response under Local Rule 7.1(c) has passed, this motion is ripe for adjudication.

## B. Analysis

Before a federal court can decide any case, it must first determine that the case is properly within its subject matter jurisdiction. <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986). In this case, there is no allegation of diversity of parties, so proper subject matter jurisdiction depends on whether the case falls within the provisions of 28 U.S.C. § 1331. Section 1331 grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. Thus, this court must first discern whether plaintiff's cause of action arises under federal law.

To determine whether a plaintiff's claim arises under

federal law, "courts apply the well-pleaded complaint rule, which holds that courts ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." Pinney v. Nokia, Inc. 402 F.3d 430, 442 (4th Cir. 2005)(internal quotation marks and citations omitted).  Thus, courts must examine the complaint on its face to see if federal or state law creates the cause of action.  See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (in cases where federal law creates the cause of action, federal district courts always have subject matter jurisdiction).  However, the general rule is that the plaintiff is master of the claim and may avoid federal jurisdiction by relying only on state law when drafting the complaint.  See Pinney, 412 F.3d at 442.

In this case, state law creates plaintiff's cause of action. Plaintiff asserts in his complaint that defendants violated only sections 8-14-20 and 8-14A-3 of the West Virginia Code.  (See Doc. No. 1 at 8).  However, when state law creates the cause of action, federal question jurisdiction may still exist, but only when the plaintiff's claim "necessarily depends upon a substantial question of federal law." Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 28 (1983).  "A defendant seeking to remove a case in which state law creates the

3

plaintiff's cause of action must establish two elements: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004).  Plaintiff's claim satisfies neither of these elements.

Plaintiff's complaint states that defendant "deprived [him] of his due process rights to a hearing as set forth in Chapter 14 and 14A of Article 8 of the West Virginia Code."[1]  (Doc. No. 1 at 8).  Defendants contend in their Notice of Removal that the West Virginia Supreme Court of Appeals has interpreted at least one of the relevant code provisions cited by plaintiff, West Virginia Code section 8-14-20, "as implicating property and liberty interests protected by the United States Constitution's due process clause and the West Virginia Constitution's due process clause."  (Id. at 3).  Defendants assert that because of this, plaintiff has inadvertently asserted a federal due process claim into his complaint, and the action is therefore removable.

However, plaintiff's cause of action does not necessarily depend on any issues of federal law.  A plaintiff's claim necessarily depends on federal law when a "question of federal law is a necessary element of one of the well-pleaded state law

---

[1] It appears that plaintiff intended to reference Articles 14 and 14A of Chapter 8 of the West Virginia Code in his complaint.

4

claims." Franchise Tax Bd., 463 U.S. at 13. "If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law."

West Virginia Code sections 8-14-20 and 8-14A-3 outline the procedural requirements for terminating a police officer in West Virginia. Whether or not defendants complied with these statutory provisions when terminating plaintiff does not depend on any interpretation of federal law. Plaintiff can establish all of the elements of his state law claim solely under the procedural requirements outlined in West Virginia Code sections 8-14-20 and 8-14A-3. Thus, his claim does not necessarily depend on any question of federal law.

Further, any federal issues present in plaintiff's claim are insubstantial. Sections 8-14-20 and 8-14A-3 create a state law cause of action, and the West Virginia Supreme Court of Appeals has interpreted West Virginia Code section 8-14-20 as implicating the United States Constitution. This alone is insufficient to make any federal issues present in plaintiff's claim substantial. See Dixon, 369 F.3d at 820 (King, J. concurring)(the mere fact that a state creates a state law cause of action that implicates the United States Constitution does not in and of itself create federal question subject matter jurisdiction). Therefore, plaintiff's complaint does not raise any substantial issues of

5

federal law and the court has no jurisdiction under 28 U.S.C. § 1331.

### C. Conclusion

For the reasons stated herein, this court does not have jurisdiction over this matter. This case is ordered **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

The Clerk is **DIRECTED** to remove this matter from the court's active docket and to send the record of this case, along with a certified copy of this Memorandum Opinion and Order, to the Circuit Clerk of Kanawha County.

It is **SO ORDERED** this 13th day of September, 2006.

ENTER:

*David A. Faber*

David A. Faber
Chief Judge